IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CONAN JIN, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:24-cv-1125-PX |
| ADVENTIST HEALTHCARE SHADY GROVE MEDICAL CENTER, | * | |
| Defendant. | * | |

*\*\*\**

## MEMORANDUM ORDER

Pending before the Court is pro se Plaintiff Conan Jin's ("Jin") Motion to Reopen his case against Defendant Adventist Healthcare ("Adventist"). ECF No. 14. The Court had previously dismissed Jin's complaint without prejudice for failure to state a claim. ECF No. 11. Jin now asks that the Court effectively reconsider that decision and accept his proposed amended complaint as the operative pleading. For the reasons that follow, the motion is denied.

Although the proposed amended complaint is difficult to decipher, Jin cites several statutes which suggest his claims principally sound in disability and sex discrimination.[1] ▆

▆▆▆▆ While Jin was hospitalized at Adventist on September 23, 2023, a female patient accused Jin of touching his penis in front of her. *Id.* at 6. Adventist documented the accusation, which Jin describes as "harmful and untrue," and "without making

---

[1] Jin enumerates the following statutes as the basis for this Court's jurisdiction: the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–12213 (2018); the Americans with Disabilities Act Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2018); Sections 1908 and 1947 of the Public Health Service Act of 1944, 42 U.S.C. §§ 300w-7, 300x-57 (2018); and Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116 (2018). ECF No. 14-2 at 2.

1

any effort to clarify the misunderstanding by speaking with me in-person." *Id.* at 4. The proposed amended complaint also contends that a separate patient's behavior toward him constitutes sexual harassment, *id.* at 7, and that Adventist discriminated against Jin in refusing "to seriously address sexual harassment against me because I am a male, and my harasser was a physically smaller female." *Id.*

Because Jin moves for this relief within 28 days from the date of dismissal, the motion is properly construed as one brought pursuant to Federal Rule of Civil Procedure 59(e). Accordingly, the Court may entertain Jin's request to amend the Complaint that had been dismissed on sufficiency grounds. *See Katyle v. Penn. Nat'l Gaming, Inc.*, 637 F.3d 462, 471 & 471 n.4 (4th Cir. 2011). The Court should "evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered — for prejudice, bad faith, or futility.'" *Id.* at 471 (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)); *see also* Fed. R. Civ. P. 15(a). A proposed claim is futile if it is apparent that it fails as a matter of law. *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

Jin proceeds pro se, so the Court must give the proposed amended complaint an especially charitable reading, accepting the factual allegations as true and most favorably to Jin, to permit any plausible claim to proceed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "Court must . . . dismiss claims . . . under Section 1915(e)(2) if the action is frivolous or malicious or fails to state a claim upon which relief may be granted." *Nwoga v. Karceski*, No. GLR-19-2899, 2019 WL 6310187, at *1 (D. Md. Nov. 22, 2019) (citing *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2005)).

First, as to the sexual harassment claim, Jin asserts that an Adventist *patient* harassed

him. ECF No. 14-2 at 7. Yet, he sues Adventist, not the patient, under a panoply of federal statutes. ECF No. 14 at 2. But as to Adventist, no alleged facts support that anyone from the hospital harassed him. Nor do the facts make plausible that any Adventist staff enabled, authorized, condoned or facilitated any suggested harassment. Thus, the claim fails on this basis alone and the Court will not permit amendment on futility grounds.

Next, Jin suggests that Adventist discriminated against him by receiving and documenting the patient's complaint. ECF No. 14-2 at 4. The proposed amended complaint suggests that because Jin is male and the complainant is a more diminutive female, Adventist somehow discriminated against Jin. ECF No. 14-2 at 7. But nothing in the proposed amended complaint explains how the mere recordation of a patient's sexual harassment allegation, standing alone, amounts to discriminatory conduct. This remains true even if the Court assumes that Jin belongs to a protected class and has a disability. *See generally* 42 U.S.C. § 2000e-2(a) (2018); 42 U.S.C. §§ 12102(1), 12132 (2018) (prohibiting discrimination based on sex and disability). Thus, because the claims fail as a matter of law, allowing amendment would be futile. The motion to reopen must be denied.

As for Jin's remaining motion, he asks that that he proceed pseudonymously. However, throughout the proceedings, Jin has used his true name in public filings. *See e.g.* ECF No. 1. He now wants to proceed pseudonymously with no real basis for doing so. Moreover, because the case is closed and will remain so, no further protection is necessary. *See Hammock v. Garganeous,* No. CV 109-136, 2011 WL 117061, at *1 (S.D. Ga. Jan. 13, 2011) (denying as moot Plaintiff's motion because the case is closed). That said, and consistent with its previous decision, the Court will continue to maintain all medical records and other protected health information under seal. *See* ECF No. 11; *see also Rock v. McHugh,* 819 F. Supp. 2d 456, 476

3

(D. Md. 2011).

Accordingly, it is this 19th day of December 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion to Reopen (ECF No. 14) is DENIED;
2. Plaintiff's Motion to Seal (ECF No. 16) is GRANTED in part and DENIED in part;
3. Plaintiff's Motion to File Pseudonymous Proceedings (ECF No. 19) is DENIED as MOOT;
4. The Clerk is directed to MAINTAIN UNDER SEAL Nos. 14, 16 & 19;
5. The Clerk is directed to MAIL a copy of this Order to Plaintiff's address on record; and
6. CLOSE the case.

December 19, 2024  
Date

/s/  
Paula Xinis  
United States District Judge